

**United States Department of Justice**

*United States Attorney*
*Southern District of West Virginia*

*Robert C. Byrd United States Courthouse*          *1-800-659-8726*
*300 Virginia Street, East*                                      *304-345-2200*
*Suite 4000*                                                *FAX: 304-347-5104*
*Charleston, WV 25301*



FILED

OCT - 9 2025

RORY L. PERRY II, CLERK
U.S. District Court
Southern District of West Virginia

September 25, 2025

Gerald M. Titus, III
Spillman Thomas & Battle
300 Kanawha Boulevard, East
Charleston, WV 25301

> Re: United States v. Gadsden, Gaillard and West LLC
> Criminal No. 2:25-cr-00175-2        (USDC SDWV)

Dear Mr. Titus:

This will confirm our conversations with regard to your client, Gadsden, Gaillard and West LLC. As a result of these conversations, it is agreed by and between the United States and Gadsden, Gaillard and West LLC as follows:

1.   **CHARGING AGREEMENT.** The United States will file a single-count information in the United States District Court for the Southern District of West Virginia, a copy of which is attached hereto as "Plea Agreement Exhibit A."

2.   **RESOLUTION OF CHARGES.** Gadsden, Gaillard and West LLC will plead guilty to a violation of 33 U.S.C. §§ 1311(a) and 1319(c)(1)(A) (for the negligent discharge of pollutants into United States waters) as charged in said information.

3.   **MAXIMUM POTENTIAL PENALTY.** The maximum penalty to which Gadsden, Gaillard and West LLC will be exposed by virtue of this guilty plea is as follows:

(a)   A term of probation for a period of not more than five years pursuant to 18 U.S.C. § 3561(c)(2);

(b)   A fine of $25,000 per day of violation. Alternatively,

_____
Defendant's
Initials

Gerald M. Titus, III
September 25, 2025                Re: Gadsden, Gaillard and West LLC
Page 2

and pursuant to 18 U.S.C. § 3571, a fine of $200,000, or twice the gross pecuniary gain or twice the gross pecuniary loss resulting from defendant's conduct, whichever is greater;

(c)  A mandatory special assessment of $125 pursuant to 18 U.S.C. § 3013; and

(d)  An order of restitution pursuant to 18 U.S.C. §§ 3663 and 3664, or as otherwise set forth in this plea agreement.

4.  **SPECIAL ASSESSMENT.**  Prior to the entry of a plea pursuant to this plea agreement, Gadsden, Gaillard and West LLC will tender a check or money order to the Clerk of the United States District Court for $125, which check or money order shall indicate on its face the name of defendant and the case number. The sum received by the Clerk will be applied toward the special assessment imposed by the Court at sentencing. Gadsden, Gaillard and West LLC will obtain a receipt of payment from the Clerk and will tender a copy of such receipt to the United States, to be filed with the Court as an attachment to this plea agreement. If Gadsden, Gaillard and West LLC fails to provide proof of payment of the special assessment prior to or at the plea proceeding, the United States will have the right to void this plea agreement. In the event this plea agreement becomes void after payment of the special assessment, such sum shall be promptly returned to Gadsden, Gaillard and West LLC.

5.  **PAYMENT OF MONETARY PENALTIES.** Gadsden, Gaillard and West LLC authorizes the Financial Litigation Program in the United States Attorney's Office to obtain a credit report from any major credit reporting agency prior to sentencing in order to assess its financial condition for sentencing purposes. Gadsden, Gaillard and West LLC agrees not to object to the District Court ordering all monetary penalties (including the special assessment, fine, court costs, and any restitution that does not exceed the amount set forth in this plea agreement) to be due and payable in full

_____
Defendant's
Initials

Gerald M. Titus, III
September 25, 2025                Re: Gadsden, Gaillard and West LLC
Page 3

immediately and subject to immediate enforcement by the United
States.  So long as the monetary penalties are ordered to be due
and payable in full immediately, Gadsden, Gaillard and West LLC
further agrees not to object to the District Court imposing any
schedule of payments as merely a minimum schedule of payments and
not the only method, nor a limitation on the methods, available to
the United States to enforce the judgment.

        Gadsden, Gaillard and West LLC authorizes the United States,
through the Financial Litigation Program, to submit any unpaid
criminal monetary penalty to the United States Treasury for offset
in accordance with the Treasury Offset Program, regardless of the
defendant's payment status or history at that time.

        In addition to any payment ordered by the Court, Gadsden,
Gaillard and West LLC shall pay all monies received from any source
other than earned income, including but not limited to, lottery
winnings, gambling proceeds, judgments, inheritances, and tax
refunds, toward the court ordered restitution or fine.

        Gadsden, Gaillard and West LLC agrees that if it retains
counsel or has appointed counsel in response to the United States'
efforts to collect any monetary penalty, it shall immediately
notify the United States Attorney's Office, Attention: Financial
Litigation Program, 300 Virginia Street E., Suite 4000,
Charleston, West Virginia 25301, in writing and shall instruct its
attorney to notify FLP immediately of its representation.

        6.    **RESTITUTION**. Notwithstanding the offense of conviction,
Gadsden, Gaillard and West LLC agrees that it owes restitution in
the amount as much as $1,654,654.01, with interest as allowed by
law, to the fullest extent financially feasible.  In aid of
restitution, Gadsden, Gaillard and West LLC further agrees as
follows:
        (a)   Gadsden, Gaillard and West LLC agrees to fully assist
              the United States in identifying and locating any assets
              to be applied toward restitution and to give signed,
              sworn statements and testimony concerning assets upon

                                        Defendant's
                                        Initials

Gerald M. Titus, III
September 25, 2025             Re: Gadsden, Gaillard and West LLC
Page 4

request of the United States.

(b)   Gadsden, Gaillard and West LLC will fully complete and
execute, under oath, a Financial Statement and a Release
of Financial Information on forms supplied by the United
States and will return these completed forms to counsel
for the United States within seven calendar days from
the date of the signing of this plea agreement.

(c)   Gadsden, Gaillard and West LLC agrees not to dispose of,
transfer or otherwise encumber any real or personal
property which she currently owns or in which she holds
an interest.

(d)   Gadsden, Gaillard and West LLC agrees to fully cooperate
with the United States in the liquidation of assets to
be applied towards restitution, to execute any and all
documents necessary to transfer title of any assets
available to satisfy restitution, to release any and all
right, title and interest she may have in and to such
property, and waives her right to exemptions under the
Federal Debt Collection Procedures Act upon levy against
and the sale of any such property.

(e)   Gadsden, Gaillard and West LLC agrees not to appeal any
order of the District Court imposing restitution unless
the amount of restitution imposed exceeds the amount set
forth in this plea agreement. However, nothing in this
provision is intended to preclude the Court from
ordering Gadsden, Gaillard and West LLC to pay a greater
or lesser sum of restitution in accordance with law.

7.   **COOPERATION.**   Gadsden, Gaillard and West LLC will be
forthright and truthful with this office and other law enforcement
agencies with regard to all inquiries made pursuant to this
agreement, and will give signed, sworn statements and grand jury
and trial testimony upon request of the United States.   In
complying with this provision, Gadsden, Gaillard and West LLC may

Defendant's
Initials

Gerald M. Titus, III
September 25, 2025          Re: Gadsden, Gaillard and West LLC
Page 5

have counsel present except when appearing before a grand jury.

8. **USE IMMUNITY.** Unless this agreement becomes void due to a violation of any of its terms by Gadsden, Gaillard and West LLC, and except as expressly provided for in paragraph 10 below, nothing contained in any statement or testimony provided by him pursuant to this agreement, or any evidence developed therefrom, will be used against him, directly or indirectly, in any further criminal prosecutions or in determining the applicable guideline range under the Federal Sentencing Guidelines.

9. **LIMITATIONS ON IMMUNITY.** Nothing contained in this agreement restricts the use of information obtained by the United States from an independent, legitimate source, separate and apart from any information and testimony provided pursuant to this agreement, in determining the applicable guideline range or in prosecuting Gadsden, Gaillard and West LLC for any violations of federal or state laws. The United States reserves the right to prosecute Gadsden, Gaillard and West LLC for perjury or false statement if such a situation should occur pursuant to this agreement.

10. **STIPULATION OF FACTS AND WAIVER OF FED. R. EVID. 410.** The United States and Gadsden, Gaillard and West LLC stipulate and agree that the facts comprising the offense of conviction and relevant conduct include the facts outlined in the "Stipulation of Facts," a copy of which is attached hereto as "Plea Agreement Exhibit B."

Gadsden, Gaillard and West LLC agrees that if it withdraws from this agreement, or this agreement is voided as a result of a breach of its terms by Gadsden, Gaillard and West LLC, and it is subsequently tried for its conduct alleged in the information and other relevant conduct, as more specifically described in the Stipulation of Facts, the United States may use and introduce the Stipulation of Facts in the United States case-in-chief, in cross-examination of Gadsden, Gaillard and West LLC or of any of its witnesses, or in rebuttal of any testimony introduced by him or on

Defendant's
Initials

Gerald M. Titus, III
September 25, 2025          Re: Gadsden, Gaillard and West LLC
Page 6

its behalf. Gadsden, Gaillard and West LLC knowingly and voluntarily waives, see United States v. Mezzanatto, 513 U.S. 196 (1995), any right it has pursuant to Fed. R. Evid. 410 that would prohibit such use of the Stipulation of Facts. If the Court does not accept the plea agreement through no fault of the defendant, or the Court declares the agreement void due to a breach of its terms by the United States, the Stipulation of Facts cannot be used by the United States.

The United States and Gadsden, Gaillard and West LLC understand and acknowledge that the Court is not bound by the Stipulation of Facts and that if some or all of the Stipulation of Facts is not accepted by the Court, the parties will not have the right to withdraw from the plea agreement.

11.    **AGREEMENT ON SENTENCING GUIDELINES.** Based on the foregoing Stipulation of Facts, the United States and Gadsden, Gaillard and West LLC agree that the following provisions of the United States Sentencing Guidelines apply to this case.

USSG §2Q1.2

Base offense level                                    8

Specific offense Characteristics:

USSG §2Q1.2(b)(1)(B)

Offense involved a discharge or release
of a pollutant                                       + 4

USSG §2Q1.2(b)(3)

Offense resulted in the disruption
of a public utility                                  + 4

USSG §2Q1.2(b)(4)

Defendant's
Initials

Gerald M. Titus, III
September 25, 2025         Re: Gadsden, Gaillard and West LLC
Page 7

| | |
|---|---|
| Discharge without a permit | + 4 |
| Adjusted offense level | 20 |

The United States and Gadsden, Gaillard and West, LLC, acknowledge that the guidelines contained in Chapter 8 of the United States Sentencing Guidelines provide specific guidance in determining the recommended sentence to be imposed for crimes committed by organizations such as LLCs. However, the provisions in Chapter 8 pertaining to the calculation of fines for specific offenses (§§ 8C2.2-2.9) do not apply to environmental crimes, including Clean Water Act criminal offenses. See USSG § 8A1 .1 Application Note 2, 8C2. 1, 8C2.10. Fines in this case are to be calculated pursuant to the general statutory provisions governing sentencing in 18 U.S.C. § 3553 and 3572. USSG § 8C2.1, Background and § 8C2.10. However, the remaining provisions of Chapter 8 concerning remedying harm, restitution, remedial orders, community service, payment of fines or reduction of fines based on inability to pay, and implementing organizational probation are applicable here.

The United States and Gadsden, Gaillard and West LLC acknowledge and understand that the Court and the Probation Office are not bound by the parties' calculation of the United States Sentencing Guidelines set forth above and that the parties shall not have the right to withdraw from the plea agreement due to a disagreement with the Court's calculation of the appropriate guideline range.

12. **WAIVER OF APPEAL AND COLLATERAL ATTACK.** Gadsden, Gaillard and West LLC knowingly and voluntarily waives its right to seek appellate review of its conviction and of any sentence imposed by the District Court, including any term of imprisonment, fine, term or condition of supervised release, term or condition of probation, or special assessment, or the manner in which the sentence was determined, on any ground whatsoever including any ground set forth in 18 U.S.C. § 3742(a), except that the defendant

Defendant's
Initials

Gerald M. Titus, III
September 25, 2025          Re: Gadsden, Gaillard and West LLC
Page 8

may appeal any sentence that exceeds the maximum penalty prescribed by statute. Gadsden, Gaillard and West LLC also knowingly and voluntarily waives any right to seek appellate review of any claim or argument that (1) the statute of conviction, 33 U.S.C. §§ 1311(a) and 1319(c)(1)(A), is unconstitutional, and (2) Gadsden, Gaillard and West LLC conduct set forth in the Stipulation of Facts (Plea Agreement Exhibit B) does not fall within the scope of 33 U.S.C. §§ 1311(a) and 1319(c)(1)(A).

The United States also agrees to waive its right to appeal any sentence imposed by the District Court, or the manner in which the sentence was determined, on any ground whatsoever, including any ground set forth in 18 U.S.C. § 3742(b), except that the United States may appeal any sentence that is below the minimum penalty, if any, prescribed by statute.

Gadsden, Gaillard and West LLC also knowingly and voluntarily waives the right to challenge the guilty plea and conviction resulting from this plea agreement, and any sentence imposed for the conviction, in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255.

The waivers noted above shall not apply to a post-conviction collateral attack or direct appeal based on a claim of ineffective assistance of counsel.

13. **WAIVER OF FOIA AND PRIVACY RIGHT.** Gadsden, Gaillard and West LLC knowingly and voluntarily waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without any limitation any records that may be sought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a, following final disposition.

14. **FINAL DISPOSITION.** The matter of sentencing is within the sole discretion of the Court. The United States has made no

_____
Defendant's
Initials

Gerald M. Titus, III
September 25, 2025          Re: Gadsden, Gaillard and West LLC
Page 9


representations or promises as to a specific sentence.   The United
States reserves the right to:

(a)   Inform the Probation Office and the Court of all relevant
       facts and conduct;

(b)   Present evidence and argument relevant to the factors
       enumerated in 18 U.S.C. § 3553(a);

(c)   Respond to questions raised by the Court;

(d)   Correct inaccuracies or inadequacies in the presentence
       report;

(e)   Respond to statements made to the Court by or on behalf
       of Gadsden, Gaillard and West LLC;

(f)   Advise the Court concerning the nature and extent of
       Gadsden, Gaillard and West LLC's cooperation; and

(g)   Address the Court regarding the issue of Gadsden,
       Gaillard and West LLC's acceptance of responsibility.

15.  **VOIDING OF AGREEMENT.**  If either the United States or
Gadsden,  Gaillard  and  West  LLC  violates  the  terms  of  this
agreement,  the  other  party  will  have  the  right  to  void  this
agreement. If the Court refuses to accept this agreement, it shall
be void.

16.  **ENTIRETY  OF  AGREEMENT.**   This  written  agreement
constitutes  the  entire  agreement  between  the  United  States  and
Gadsden,  Gaillard  and  West  LLC  in  this  matter.   There  are  no
agreements,  understandings  or  recommendations  as  to  any  other
pending  or  future  charges  against  Gadsden,  Gaillard  and  West  LLC
in  any  Court  other  than  the  United  States  District  Court  for  the
Southern  District  of  West  Virginia.

Defendant's
Initials

Gerald M. Titus, III
September 25, 2025                Re: Gadsden, Gaillard and West LLC
Page 10


Acknowledged and agreed to on behalf of the United States:

LISA G. JOHNSTON
Acting United States Attorney

By: _____

ERIK S. GOES
Assistant United States Attorney

By: _____

DAVID LASTRA
Special Assistant U.S. Attorney


ESG/lab


_____
                                          Defendant's
                                          Initials

Gerald M. Titus, III
September 25, 2025            Re: Gadsden, Gaillard and West LLC
Page 11

I hereby acknowledge by my initials at the bottom of each of the foregoing pages and by my signature on the last page of this eleven-page agreement that I have read and carefully discussed every part of it with my attorney, that I understand the terms of this agreement, and that I voluntarily agree to those terms and conditions set forth in the agreement. I further acknowledge that my attorney has advised me of my rights, possible defenses, the Sentencing Guideline provisions, and the consequences of entering into this agreement, that no promises or inducements have been made to me other than those in this agreement, and that no one has threatened me or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

_____        9-27-25
Dennis Eugene West for                    Date Signed
Gadsden, Gaillard and West LLC
Defendant

_____        10/2/25
Gerald M. Titus, III                      Date Signed
Counsel for Defendant

                                          _____
                                                        Defendant's
                                                        Initials

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                          CRIMINAL NO. 2:25-cr-00175
                            33 U.S.C. § 1311(a)
                            33 U.S.C. § 1319(c)(1)(A)

DENNIS EUGENE WEST
GADSDEN, GAILLARD AND WEST LLC

## I N F O R M A T I O N

The Acting United States Attorney Charges:

### BACKGROUND OF THE CLEAN WATER ACT

At all relevant times to this Information:

1. The Federal Water Pollution Control Act, 33 U.S.C. § 1251 et. seq. (hereinafter referred to as the "Clean Water Act"), was enacted by Congress to restore and maintain the chemical, physical and biological quality of the nation's waters.

2. The Clean Water Act, and the regulations promulgated pursuant thereto, prohibited the discharge of any pollutant from a point source into the waters of the United States except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System

**PLEA AGREEMENT EXHIBIT A**

("NPDES") by the United States Environmental Protection Agency ("EPA") or an authorized state, 33 U.S.C. §§ 1311(a) and 1342.

BACKGROUND OF DEFENDANTS

3. Defendant DENNIS EUGENE WEST was a resident of South Carolina. He was an employee of defendant GADSDEN, GAILLARD AND WEST LLC, a limited liability company organized in South Carolina in and around 2017.

4. Defendant DENNIS EUGENE WEST was acting within the scope of his employment and for the benefit of defendant GADSDEN, GAILLARD AND WEST LLC, when defendant DENNIS EUGENE WEST operated a tractor trailer within the scope of his employment with defendant GADSDEN, GAILLARD AND WEST LLC on Interstate 77 in West Virginia on August 24, 2022. The tractor trailer contained approximately twelve 275-gallon totes of an industrial chemical product containing alkyl dimethylamine.

5. Alkyl dimethylamine was used in cleaning products and was classified as a corrosive material and marine pollutant by its manufacturer, based on Department of Transportation rules and regulations.

**PLEA AGREEMENT EXHIBIT A**

2

### THE NEGLIGENT DISCHARGE OF A POLLUTANT INTO WATERS OF THE UNITED STATES

6.    At or near 11:36 p.m. on August 24, 2022, defendant DENNIS EUGENE WEST crashed the tractor trailer while driving in the northbound lane of Interstate 77 on or about mile marker 62.5, a location known as the Skitter Creek Bridge, in Fayette County, West Virginia.

7.    At the time of the crash, defendant DENNIS EUGENE WEST operated the tractor trailer under the influence of alcohol. Defendant DENNIS EUGENE WEST consented to a breathalyzer test and a blood test, both of which indicated his Blood Alcohol Content (BAC) was more than 0.08 percent.

8.    All drivers in West Virginia are considered to be driving under the influence if their BAC is 0.08 percent or higher pursuant to W.VA Code § 17C-5-2(a)(1)(E). In addition, West Virginia law prohibits any person from operating a commercial motor vehicle with a BAC at or above 0.04 percent pursuant to W.Va. Code § 17E-1-14(a).

9.    As a direct and proximate result of the crash of the tractor trailer operated by defendant DENNIS EUGENE WEST within the scope of his employment with defendant GADSDEN, GAILLARD AND

**PLEA AGREEMENT EXHIBIT A**

3

WEST LLC, on or about August 24, 2022, numerous totes containing the alkyl dimethylamine ruptured, and pollutants spilled onto the Skitter Creek Bridge and ultimately discharged into Paint Creek. The discharge of pollutants, including alkyl dimethylamine, into Paint Creek continued until on or about August 25, 2022.

10.    The direct and proximate result of the discharge of pollutants, including alkyl dimethylamine, into Paint Creek temporarily caused adverse impacts to the aquatic life of the creek, including the killing of several species of fish.

11.    Paint Creek was a perennial stream, a tributary of the Kanawha River, and a water of the United States.

12.    Defendants DENNIS EUGENE WEST and GADSDEN, GAILLARD AND WEST LLC, did not have in August 2022, or at any time, a permit issued pursuant to the federal Clean Water Act to discharge pollutants, including alkyl dimethylamine, into Paint Creek or any other water in West Virginia.

13.    From on or about August 24, 2022, to on or about August 25, 2022, at or near Fayette County, West Virginia, within the Southern District of West Virginia, defendants DENNIS EUGENE WEST and GADSDEN, GAILLARD AND WEST LLC, did negligently discharge and caused the discharge of a pollutant, including alkyl

**PLEA AGREEMENT EXHIBIT A**
4

dimethylamine, from a point source into Paint Creek, a water of the United States, without a permit issued pursuant to the Clean Water Act.

In violation of Title 33, United States Code, Sections 1311(a) and 1319(c)(1)(A).

UNITED STATES OF AMERICA

LISA G. JOHNSTON
Acting United States Attorney

By: _____
ERIK GOES
Assistant United States Attorney

_____
DAVID LASTRA
Special Assistant U.S. Attorney

**PLEA AGREEMENT EXHIBIT A**

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

UNITED STATES OF AMERICA

v.                                   CRIMINAL NO. 2:25-cr-00175

GADSDEN, GAILLARD AND WEST LLC

### STIPULATION OF FACTS

The United States and Dennis Eugene West (hereinafter "I," "me," and "my") stipulate and agree that the facts comprising the offense of conviction in the single-count Information in the Southern District of West Virginia, Criminal No. 2:25-cr-00175 ) and the relevant conduct for that offense, include the following:

### BACKGROUND

I do not dispute that the United States could prove the following background facts concerning the Clean Water Act, my residency, and the scope of my employment with Gadsden, Gaillard and West LLC:

1.    The Federal Water Pollution Control Act, Title 33, United States Code, Section 1251 et. seq. (hereinafter referred to as the "Clean Water Act"), was enacted by Congress to restore and maintain the chemical, physical and biological quality of the nation's waters.

2.    The Clean Water Act, and the regulations promulgated pursuant thereto, prohibited the discharge of any pollutant from a point source into the waters of the United States except in compliance with a permit issued pursuant to the Clean Water Act under the National Pollution Discharge Elimination System ("NPDES") by the United States Environmental Protection Agency ("EPA") or an authorized state, 33 U.S.C. §§ 1311(a) and 1342.

3.    Gadsden, Gaillard and West LLC was a limited liability company organized in South Carolina in and around 2017.

4.    I was acting within the scope of my employment and for my benefit when I operated a tractor trailer on behalf of Gadsden, Gaillard and West LLC on Interstate 77 in West Virginia on August 24, 2022. The trailer contained approximately twelve 275-gallon totes of an industrial chemical product containing alkyl dimethylamine.

5.    Alkyl dimethylamine was used in cleaning products and was classified as a corrosive material and marine pollutant by its manufacturer, based on Department of Transportation rules and regulations.

## OFFENSE CONDUCT

6.    At or near 11:36 p.m. on August 24, 2022, I crashed the tractor trailer while driving in the northbound lane of Interstate 77 on or about mile marker 62.5, a location known as the Skitter Creek Bridge, in Fayette County, West Virginia and within the Southern District of West Virginia.

7.    At the time of the crash, I operated the tractor trailer under the influence of alcohol. I consented to a breathalyzer test and a blood test, both of which indicated my Blood Alcohol Content (BAC) was more than 0.08 percent.

8.    I do not dispute that all drivers in West Virginia are considered to be driving under the influence if their BAC is 0.08 percent or higher. In addition, I do not dispute that West Virginia law prohibits any person from operating a commercial motor vehicle with a BAC at or above 0.04 percent.

9.    As a direct and proximate result of the crash of the tractor trailer operated by me acting within the scope of my employment with Gadsden, Gaillard and West LLC, on or about August 24, 2022, numerous totes containing the alkyl dimethylamine ruptured, and pollutants spilled onto the Skitter Creek Bridge and ultimately discharged into Paint Creek. I know the discharge of pollutants, including alkyl dimethylamine, into Paint Creek continued until on or about August 25, 2022.

10.    I do not dispute that the discharge of pollutants, including alkyl dimethylamine, from a point source into Paint Creek temporarily caused adverse impacts to the aquatic life of the creek, including the killing of several species of fish.

**PLEA AGREEMENT EXHIBIT B**

2

11. I do not dispute that Paint Creek was and is a perennial stream, a tributary of the Kanawha River, and a "Water of the United States."

12. Gadsden, Gaillard and West LLC did not have in August 2022, or at any time, a permit issued pursuant to the federal Clean Water Act to discharge pollutants, including alkyl dimethylamine, into Paint Creek or any other water in West Virginia.

Stipulated and agreed to:

_____          9-27-25
DENNIS EUGENE WEST for                        Date
Gadsden, Gaillard & West LLC
Defendant

_____          10/2/25
GERALD M. TITUS, III                          Date
Counsel for Defendant

_____          10/2/25
ERIK S. GOES                                  Date
Assistant United States Attorney

_____          10/2/25
DAVID LASTRA                                  Date
Special Assistant United States Attorney

**PLEA AGREEMENT EXHIBIT B**

3